IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| BARBARA KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:12CV291-HEH |
| | ) | |
| AMMADO INTERNET SERVICES, | ) | |
| LTD, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION
(Motions to Dismiss and for More Definite Statement)

This case involves a dispute over payments to Plaintiff Barbara Kelly ("Kelly") for business consulting services that she provided to Defendant Ammado Internet Services, Ltd. ("Ammado"). The matter is before the Court on Defendant's Motion to Dismiss for Improper Venue (ECF No. 5), Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 6), Defendant's Motion for More Definite Statement (ECF No. 7), and Plaintiff's Motion for a More Definite Statement or, in the Alternative, Motion to Dismiss the Counterclaim (ECF No. 17). Each motion has been fully briefed and the Court dispenses with oral argument, finding that it will not materially aid in the decisional process. For the reasons that follow, the Court will deny each motion.

### I. BACKGROUND

As required by Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court assumes that the parties' well-pleaded allegations are true, viewing all facts in the light most favorable to the party whose pleading is under review. *T.G. Slater & Son v. Donald*

*P. & Patricia A. Brennan, LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citing *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). However, as the Plaintiff, the Court construes in Kelly's favor all allegations and materials offered to establish venue. *Potenciano Aggarao v. MOL Ship Mgmt. Co., Ltd.*, 675 F.3d 355, 366 (4th Cir. 2012) (citing *Global Seafood, Inc. v. Bantry Bay Mussels, Ltd.*, 659 F.3d 221, 224 (2d Cir. 2011). Viewed accordingly, the relevant facts are as follows.

In January 2008, Ammado and Kelly entered into a written contract whereby Kelly would provide business development services in support of Ammado's venture into the United States marketplace.[1] (Compl. at ¶ 8; Countercl. at ¶ 4, Ex. A.) In relevant part, the written contract provided that Kelly would be paid at a rate of fifty-five Euros (€55) per hour, to be billed monthly. (Countercl. at ¶ 5, Ex. A.) It also contained a choice of law and jurisdiction term, selecting the laws of Ireland and Irish courts. (*Id.* at Ex. A.) By its own express terms, the written agreement expired on January 14, 2009. (*Id.*) The parties explicitly agreed that several terms of the agreement would survive expiration, but this did not include the forum selection clause or any other terms relevant to the present dispute. (*Id.*) Although the written agreement permitted renewal, Kelly does not allege that the written agreement was renewed. (*Id.*)

---

[1] Kelly's Complaint references the written contract but does not incorporate it into the pleading. Nevertheless, the Court may consider it in resolving Ammado's motion to dismiss, because the Complaint makes reference to the document and Kelly has not objected to its authenticity. *See Witthohn v. Fed. Ins. Co.*, 164 Fed. App'x 395, 396-97 (4th Cir. 2006) (citing *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001); *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999); *Gasner v. Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995) ("[A] court may consider . . . documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed.").

Kelly continued to perform services for Ammado after expiration of the written agreement at a newly-established rate of €60 per hour. (Compl. at ¶ 9.) Between July 2010 and September 2011, Kelly accrued a bill of €93,353.82. (*Id.* at ¶ 11.) To date, Ammado has paid only €5,000.00 of the outstanding bill, leaving a total of €88,353.82 unpaid. (*Id.* at ¶ 13.) To recover this sum, Kelly asserts claims for breach of contract (Count I), quantum meruit (Count II), and unjust enrichment (Count III). (*Id.* at ¶¶ 14-27.)

In its Counterclaim, Ammado alleges that, after expiration of the written contract, the parties continued transacting business under the original terms with two exceptions: (1) a new hourly rate was established; and, (2) maximum monthly compensable hours were established. (Countercl. at ¶6.) According to Ammado, Kelly submitted false accounts of her time, yielding bills far in excess of what was actually owed. (*Id.* at ¶ 7.) As an example, Ammado notes that Kelly billed 251 hours in September 2008. (*Id.* at ¶ 8.) Likewise, Ammado cites the period from January 2008 through December 2009, during which each monthly bill ranged from 109 hours to 270 hours per month. (*Id.*) Because of such allegedly false billing, Ammado asserts a claim for breach of contract and seeks $42,500 in damages. (*Id.* at ¶ 10.)

Both parties move for dismissal or a more definite statement of the other's claims. The principal basis of Ammado's motion is that venue is improper, because the written contract contains a choice of venue provision consenting to the jurisdiction of the courts of Ireland. Kelly disputes the applicability of this provision, arguing that the written contract expired in January 2009 and that all claims asserted herein arise after expiration

3

of that agreement and formation of a new contract. Ammado also challenges the sufficiency of Kelly's claims for quantum meruit and unjust enrichment; alternatively, it seeks a more definite statement.

Kelly moves for a more definite statement of Ammado's Counterclaim, arguing that it is unclear whether Ammado asserts a claim for breach of contract, fraud, or both. Alternatively, Kelly seeks dismissal of the Counterclaim, particularly to the extent that it asserts fraud.

## II. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citation omitted), to one that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* In considering such a motion, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most

4

favorable to the plaintiff. *T.G. Slater*, 385 F.3d at 841 (citation omitted). Legal conclusions enjoy no such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A motion made pursuant to Fed. R. Civ. P. 12(b)(3) challenges venue. "On a motion to dismiss under Rule 12(b)(3), the court is permitted to consider evidence outside the pleadings." *Potenciano Aggarao*, 675 F.3d at 365-66 (citing *Sucampo Pharm., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006)). To survive a motion to dismiss for improper venue, a plaintiff must make a *prima facie* showing that venue is proper. *Id.* at 366 (citing *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004)). In resolving the motion, a court must view the facts in the light most favorable to the plaintiff. *Id.* (citing *Global Seafood*, 659 F.3d at 224).

## III. DISCUSSION

Each motion before the Court will be denied. First, it appears that the choice of venue provision directing the parties to Ireland expired with the written contract in 2009. Second, both parties have sufficiently alleged what amounts to a basic breach of contract claim. Thus, the motions to dismiss must be denied. Finally, the motions for more definite statement will serve no purpose in this case. Ammado's motion for a more definite statement essentially asks for discovery; Kelly's motion seeks clarity of a fraud claim which is clearly not asserted. Accordingly, those motions will be denied as well.

### A. Motion to Dismiss for Improper Venue

Ammado's objection to venue is based on a forum selection clause in the written contract. Thus, the Court must interpret the contract to determine the extent to which it governs the venue issue.

As a diversity action, the Court applies the choice of law rules of the forum state—Virginia. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1937). It is well-established that Virginia recognizes forum selection clauses and choice of law provisions. *Vulcan Chem. Techs., Inc. v. Barker*, 297 F.3d 332, 339 (4th Cir. 2002) (citation omitted); *Paul Bus. Sys., Inc. v. Canon U.S.A., Inc.*, 397 S.E.2d 804, 807 (Va. 1990). But if the choice of law and forum selection provisions do not apply, then Virginia applies the law of the place where the contract was executed and delivered to the "nature, validity and interpretation" of the contract." *Black v. Powers*, 628 S.E.2d 546, 554 (Va. App. 2006) (citations omitted). Issues of performance are governed by the law of the place of performance. *Id.* at 554 n.8 (citations omitted).[2]

To interpret a contract's terms, Virginia courts "'consider the words of [the] contract within the four corners of the instrument itself.'" *Mathews v. PHH Mortg. Corp.*, 724 S.E.2d 196, 201 (Va. 2012) (quoting *Uniwest Constr., Inc. v. Amtech Elevator Servs.*, 699 S.E.2d 223, 229 (Va. 2010)). Contracts must be "construed as written," and if "clear and unambiguous, the contract is construed according to its plain meaning." *Id.* (citation and internal quotation marks omitted). "No word or clause in the contract will be treated as meaningless . . . and there is a presumption that the parties have not used words needlessly." *Id.* (citation and internal quotation marks omitted).

---

[2] Although the Complaint does not allege where the second agreement was formed, Kelly indicates that she will ultimately prove that the final act of forming the contract—her acceptance—occurred in Virginia. (Pl.'s Opp'n at 6 n.2.) Ammado fails to challenge this assertion, and so the Court concludes that the second agreement is governed by Virginia law for purposes of resolving the present motions.

Here, Kelly argues that her claims arise from a subsequent agreement and a billing period that did not even commence until eighteen months after the written agreement expired. (Pl.'s Resp. Opp'n Mots. Dismiss ("Pl.'s Opp'n") at 4.) Ammado counters that the parties never agreed to terminate the prior contractual terms, including the forum selection clause. (Def.'s Rebuttal Mem. Supp. Mot. Dismiss ("Def.'s Reb.") at 2.) But Ammado's argument is flawed—by the plain terms of the written contract, the parties explicitly agreed to terminate it effective January 14, 2009. (Countercl. Ex. A.) The contract further provided that it "*may* be renewed . . . by mutual agreement." (*Id.* (emphasis added).)

Kelly has not alleged that the original agreement was ever renewed, and the Court construes the pleadings to demonstrate that the parties operated under a new agreement. *See Potenciano Aggarao*, 675 F.3d at 366 (citation omitted) (requiring courts to construe allegations in favor of plaintiff when addressing venue). And while the Court may consider evidence beyond the pleadings to determine proper venue, *Id.* at 365-66, Ammado has offered none. The sole evidence offered is the affidavit of Dr. Anna Kupka, an Ammado executive. (Def.'s Mem. Supp. Mot. Dismiss Ex. A.) Significantly, the affidavit fails to assert that the contract was renewed as required by its plain terms.

Had Kelly sued on the original, written agreement, the forum selection clause would control. But she sued on a separate contract formed after expiration of that agreement, and there is no indication that the new agreement included a choice of law or forum selection clause. Without a binding forum selection clause, venue is proper in this Court under 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to

the case occurred in this district. Alternatively, venue is also proper under 28 U.S.C. § 1391(b)(3), because Ammado has not challenged personal jurisdiction. Thus, Ammado's motion to dismiss for improper venue will be denied.[3]

**B.     Motions to Dismiss for Failure to State a Claim**

The parties move to dismiss each other's claims pursuant to Fed. R. Civ. P. 12(b)(6). In doing so, both parties misapply federal pleading standards. While Rule 8 requires "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action," a plaintiff is not required to offer the sort of "detailed factual allegations" that Ammado demands. *Twombly*, 550 U.S. at 555 (citations omitted). In a similar vein, the Court rejects Kelly's purported confusion over whether the Counterclaim asserts a breach of contract or fraud claim—the Court is not required to view the Counterclaim as narrowly as Kelly demands. Both Kelly's Complaint and

---

[3] Plaintiff cites an unpublished decision from another jurisdiction in support of her position. (Pl.'s Opp'n at 4-5 (citing *Educational Visions, Inc. v. Time Trend, Inc.*, No. 1:02cv1146, 2003 U.S. Dist. LEXIS 6758 (S.D. Ind. Apr. 17, 2003)).) The Court notes that other courts have reached divergent results. *See Celanese Acetate, LLC v. Lexcor, Ltd*, 632 F. Supp. 2d 544, 550 (W.D.N.C. 2009) (citations omitted) (finding forum selection clause controlling). Applying Virginia law in a somewhat analogous situation, the Fourth Circuit has recognized that a forum selection clause in one contract does not necessarily control a separate, related agreement. *Purac Eng'g v. County of Henrico*, No. 93-2486, 1994 U.S. App. LEXIS 24999, at *13 (4th Cir. 1994). In that case, a subcontractor joined in a lawsuit was not a party to the "main contract," which contained a forum selection clause. *Id.* Because the forum selection clause was absent from the contract to which the subcontractor had agreed, it was not bound by it. *Id.* The Court does not rely on any of these authorities to reach the present result. Instead, the Court simply concludes that the plain language of the written agreement, considered with all facts construed in the light most favorable to Kelly as the plaintiff, counsels against application of the forum selection clause.

Ammado's Counterclaim offer sufficient facts to satisfy Rule 8 standards, and so both motions to dismiss will be denied.

First, Ammado argues that to state a claim for breach of contract, Kelly is required to provide an "accounting . . . of the work actually done, the hours actually expended, [and] expenses incurred." (Def.'s Reb. at 4.) In Virginia, "[t]he elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Sunrise Continuing Care, LLC v. Wright*, 671 S.E.2d 132, 135 (Va. 2009) (citations and internal quotation marks omitted). Kelly has alleged that she and Ammado mutually agreed that it would compensate her at a rate of €60 per hour for certain business development services. (Compl. at ¶¶ 9, 11.) She also alleges that Ammado failed to pay her the full amount earned, resulting in a loss of the unpaid amount. (Compl. at ¶ 13.) These allegations sufficiently satisfy each element of a breach of contract claim, and so Ammado's motion to dismiss the contract claim will be denied.

Likewise, Ammado's challenge to Kelly's alternative claims for *quantum meruit* and unjust enrichment must fail. Correctly, Ammado argues that Kelly cannot simultaneously *recover* in contract and equity. *See Southern Biscuit Co. v. Lloyd*, 6 S.E.2d 601, 606 (Va. 1940). This does not mean that she cannot *plead* in the alternative. By its hyper-technical construction of the pleadings, Ammado argues that Kelly impermissibly conflates her breach of contract with her alternative theories, apparently due to Kelly's incorporation of all previously enumerated allegations at the beginning of

each enumerated count. (Compl. at ¶¶ 18, 23.) Simply stated, Ammado argues that a plaintiff cannot draw on the same facts to support both the breach of contract and equitable claims.

Notably, Fed. R. Civ. P. 8(d)(2) specifically permits alternative theories of recovery, regardless of whether "in a single count . . . or in separate ones." *See also Mendoza v. Cederquist*, No. 1:09cv163, 2009 U.S. Dist. LEXIS 38264, at *8 (E.D. Va. May 6, 2009) (citations omitted); *see also Ford v. Torres*, No. 1:08cv1153, 2009 U.S. Dist. LEXIS 57245, at *11 (E.D. Va. Mar. 3, 2009) (citations omitted). If the Federal Rules permit the alternative claims in the same count, logically then, it is permissible to incorporate the same allegations of fact in multiple counts. Accordingly, Ammado's challenge to Kelly's equitable claims on this basis must fail.

Indeed, Kelly has sufficiently alleged facts which, if true, would support her alternative claims for *quantum meruit* and unjust enrichment. To state her *quantum meruit* claim under Virginia law, she must allege: (1) a benefit conferred on Ammado by Kelly; (2) Ammado's knowledge that the benefit was conferred; and, (3) acceptance or retention of the benefit in circumstances that would make it inequitable for Ammado to keep the benefit without paying for it. *Centex Constr. v. ACSTAR Ins. Co.*, 448 F. Supp. 2d 697, 707 (E.D. Va. 2006). The same essential elements control the unjust enrichment claim. *See Nossen v. Hoy*, 750 F. Supp. 740, 744-45 (E.D. Va. 1990) (citations omitted) (listing elements). Construing the allegations in the light most favorable to Kelly, it appears that Ammado knowingly accepted the benefit of her services without reasonably

compensating her. (Compl. at ¶¶ 11-13, 19-21, 24-26.) This is sufficient to plead the equitable claims, and so Ammado's motion to dismiss those claims will be denied.

Finally, Kelly's motion to dismiss the Counterclaim must be denied. The motion mistakenly challenges a fraud claim that does not appear in the Counterclaim. As the Court reads the Counterclaim, it asserts a single claim for breach of contract and does not assert any claim for fraud. Ammado has confirmed this reading of the Counterclaim, specifying that it pursues relief only for breach of contract. (Def.'s Mem. Opp'n at 1-2.) Accordingly, Kelly's Motion to Dismiss will be denied.

## C. Motions for More Definite Statement

As alternatives to their motions to dismiss, both parties move for a more definite statement pursuant to Fed. R. Civ. P. 12(e). "Rule 12(e) allows a defendant to move for a more definite statement if the complaint 'is so vague or ambiguous that [it] cannot reasonably be required to frame a responsive pleading.'" *Hodgson v. Va. Baptist Hosp.*, 482 F.2d 821, 822-23 (4th Cir. 1973) (quoting Rule 12(e)). But if "the complaint conforms to Rule 8(a) and it is neither so vague nor so ambiguous that the defendant cannot reasonably be required to answer, the district court should deny a motion for a more definite statement." *Id.* at 824. Likewise, where discovery mechanisms provide a more appropriate avenue for ascertaining such details, a motion for more definite statement should be denied. *Id.*

Ammado argues that "Counts II and III are utterly lacking in necessary details to allow for a proper response," because Kelly has not alleged the total hours expended, the dates of services provided, descriptions of the services provided, the means by which she

11

notified Ammado, or the means by which she has calculated her damages. (Def.'s Mem. Supp. Mot. Dismiss at 7-8.) The Court has already determined that the complaint satisfies the strictures of Rule 8. Essentially, Ammado attempts to seek through pleading what it ought to investigate through discovery. Accordingly, its motion for a more definite statement will be denied.

Kelly's motion takes a different tact, seeking additional details about a fraud claim implicitly suggested by the factual allegations. But as the Court reads the Counterclaim, it asserts a single claim for breach of contract and does not pursue any fraud claim. *Supra* at Section III(B). Accordingly, Kelly's Motion for a more definite statement will be denied.

## IV. CONCLUSION

In sum, the Court concludes that venue is proper in this Court, so the Defendant's Motion to Dismiss for Improper Venue will be denied. Furthermore, the parties have adequately pleaded their claims, so their respective motions to dismiss for failure to state a claim and motions for more definite statements will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Oct 10 2012
Richmond, Virginia

12